LYONS, Justice
(concurring in case no. 1000611 and dissenting in case nos. 1000610 and 1000612).
In 1997, the State filed in the Escambia County Probate Court two separate petitions to condemn a total of 26.85 acres of land owned by Jimmie L. Bush and Georgia Hart. Sara H. Howington, James E. Hart III, and John Webb Hart are appel-lees in this action by virtue of their having inherited Georgia Hart’s lands.[1] The probate court consolidated the two actions and on August 14, 1997, in a single judgment, denied the petitions filed by the State. The probate court held that the proposed condemnation of Georgia Hart’s real property left an “uneconomic remnant or remnants.” The State failed to file a timely appeal.
The State filed three new petitions to condemn the property on May 10, 2000. The petition seeking to condemn the property owned by Bush deleted almost an acre of property from the scope of the previous petition to condemn. As a result, the Bush home would be 82 feet from the right-of-way line of the improved highway, as opposed to 52 feet from the right-of-way line in the 1997 petition. The petition seeking to condemn Howington’s property sought to condemn a .95-acre uneconomic remnant. The record does not reveal whether this is the same property considered by the probate court in 1997 when it referred to an “uneconomic remnant or remnants.” The petition seeking to condemn the property owned by James Hart and John Hart was objected to based upon *1096 the State’s alleged failure to acquire an uneconomical remnant.
The trial court granted motions for a summary judgment filed by the con-demnees based upon the defense of res judicata. This Court affirmed, without an opinion. Justice Houston filed a dissenting opinion. Howington v. State, 859 So.2d 1093 (Ala.2002). On application for rehearing the State asks for guidance as to the basis upon which this Court affirmed the trial court’s judgment.
I would grant the application for rehearing in ease no. 1000612 to recognize the right of the State to proceed with respect to condemnation as to Bush’s property because, by moving the right of way so that the Bush home is 30 feet further from the right of way, the second petition does not merely attempt to relitigate identical issues based upon identical factors.
I am unable to say, one way or the other, whether the petition to condemn the Howington property relates to the “uneconomic remnant or remnants” referred to in the 1997 probate court order. That fact is not material because the attempt to take an additional acre of property considered to be an uneconomic remnant sufficiently departs from the previous petition so as avoid the charge that the new proceeding is merely an effort to relitigate identical issues based upon identical factors. I therefore would grant rehearing in case no. 1000610 as to the Howington property.
The new petition as to the condemnation of James Hart and John Hart’s property apparently was subject to the same objection as before — -the failure to acquire an uneconomical remnant. The State attempted to cure the omission by an offer to purchase. Had the uneconomical remnant been included in the new petition I would not be inclined to uphold the defense of res judicata. However, I cannot say that the defense can be avoided merely upon the State’s tender of compensation for the taking, independently of the taking contemplated by the new petition. Consequently, I concur in denying the application for rehearing in case no. 1000611 as to James Hart and John Hart’s property.

. Georgia Hart’s will divided her property into two parcels. Sara Howington inherited one parcel; James Hart and John Hart inherited the other.